UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ADVANCED TURF SOLUTIONS, INC.., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *v.* | ) | No. 1:16-cv-02769-JMS-MJD |
| | ) | |
| GREG JOHNS, | ) | |
| KURT DRYDEN, | ) | |
| | ) | |
| *Defendants*. | ) | |

**ORDER**

On November 3, 2016, the Court ordered the parties to show cause why this matter should not be transferred to the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1404(a).  [Filing No. 15.]  The parties have responded to Court's Order; Plaintiff opposes the proposed transfer [Filing No. 17] while Defendants support it [Filing No. 18].  Having considered the parties' submissions and all relevant factors, the Court now concludes that interests of justice and convenience clearly weigh in favor of transferring this case to the Middle District of Tennessee.[1]

---

[1] The Court may raise the issue of transfer under § 1404(a) *sua sponte* provided it gives the parties an opportunity to be heard, as it has done in this case.  *See, e.g.*, *Creighton v. Metro. Life Ins. Co.*, 2015 WL 6134407, at *3 (S.D. Ill. 2015) ("The Court may transfer the case *sua sponte*."); *Tama Plastic Indus v. Pritchett Twine & Net Wrap, LLC*, 2012 WL 3966322 (S.D. Ind. 2012) (transferring case after issuing order to show cause); *Runk v. United Fire & Cas. Co.*, 2009 WL 3256806, at *8 (N.D. Ind. 2009) ("[I]t would appear sensible, before transferring venue pursuant to 28 U.S.C. § 1404(a), to give the parties notice and an opportunity to be heard.").

# I.
## BACKGROUND

This matter involves allegations that Defendants, Tennessee residents, stole trade secrets while working for Plaintiff in Nashville, Tennessee, and then misappropriated the information while working for their subsequent Nashville employer. [*See* Filing No. 3-1 at 5-16.] Plaintiff is an Indiana corporation, with locations in Tennessee, Illinois, Missouri, Kentucky, Michigan, Ohio, Pennsylvania, and West Virginia. [Filing No. 31-1 at 6.] Plaintiff markets and distributes fertilizer products to "buyers in the turf and ornamental market." [Filing No. 3-1 at 6.]

From 2012 to 2016, Defendants worked in the sales department of Plaintiff's Nashville, Tennessee office. [Filing No. 3-1 at 6-7.] In August 2016, Defendants resigned and left for a company that competed with Plaintiff in the Tennessee fertilizer market. [Filing No. 3-1 at 7.] On August 26, 2016, Plaintiff filed suit in Indiana state court, alleging violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and various state law causes of action. [Filing No. 3-1 at 10-16.] The thrust of Plaintiff's claims is that Defendants took customer lists, pricing information, and other proprietary information with them to Plaintiff's competitor, causing Plaintiff to lose business. [*See id.*] Plaintiff seeks damages and injunctive relief. [Filing No. 3-1 at 5-16.]

On October 13, 2016, Defendants removed the case to this Court. [Filing No. 3.] On November 3, 2016, the Court issued its Order to Show Cause on the issue of transfer. [Filing No. 15.] The parties responded to the Court's Order [Filing No. 17; Filing No. 18], and the issue of transfer is now ripe for determination.

## II.
### LEGAL STANDARD

The change of venue statute, codified at 28 U.S.C. § 1404(a), permits the Court "to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) places the decision to transfer a case within the Court's sound discretion, based upon an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)); *In re Joint E. & S. Districts Asbestos Litig.*, 22 F.3d 755, 762 (7th Cir. 1994) ("[Section 1404(a)] was clearly intended to vest in the transferor court more discretion than it had been permitted to exercise under the common law doctrine [of forum non conveniens] . . . ."). This flexible inquiry "affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." *Research Automation*, 626 F.3d at 978.

Here, the parties agree that this action could have been brought in the Middle District of Tennessee. [Filing No. 17 at 2; Filing No. 18.] Thus, the disputed elements are (1) whether the convenience of the parties and witnesses would be enhanced by transfer and (2) whether the interests of justice would be better served by transfer. 28 U.S.C. § 1404(a); *Research Automation*, 626 F.3d at 977-79. The convenience evaluation encompasses availability of witnesses and the parties' access to each potential forum. *See Research Automation*, 626 F.3d at 978. The interests of justice element includes factors such as docket congestion; familiarity with relevant law; the situs of material events; and the community's stake in resolving the controversy. *Id.* "The interest

of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.*

### III.
### DISCUSSION

Plaintiff, which brought suit in this District, opposes transfer. Plaintiff argues that its choice of forum should be given deference, that the convenience factors are otherwise neutral, and that the interest of justice weighs against transfer. Defendants support transfer, and argue that Plaintiff's choice of forum warrants less deference under the circumstances; that the convenience factors weigh strongly in favor of transfer; and that the interest of justice likewise requires transfer. The Court addresses each of these issues in turn.

#### A. Plaintiff's Choice of Forum

Plaintiff argues that its choice of forum is entitled to substantial deference in the transfer analysis. Plaintiff maintains that its choice to litigate in this District was motivated by its "strong connection to this dispute," and that this legitimate decision should be respected. [Filing No. 17 at 3.] Defendant, in response, admits that Plaintiff's choice of forum is relevant. However, Defendant argues that where, as here, the chosen forum has little connection to the controversy, that choice is merely one factor in the larger analysis.

As a general proposition, a plaintiff's choice of forum is usually entitled to deference. *In re Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003). The amount of deference a particular choice of forum warrants, however, depends on the forum's connection to relevant events. *See, e.g.*, *Dunlap v. Switchboard Apparatus, Inc.*, 2012 WL 1712554 (S.D. Ind. 2012) (citing *In re Presto*, 347 F.3d at 663-64; *Chicago, R.I. & Pac. R.R. Co. v. Igoe*, 220 F.3d 299, 304 (7th Cir. 1955)) ("[W]hen a plaintiff's choice of forum has little connection to relevant events, its choice is

entitled to little deference."); *Valbruna Stainless, Inc. v. ADT Sec. Servs., Inc.*, 2010 WL 2772324, at *2 (N.D. Ind. 2010) ("Where the chosen forum is not the situs of material events, however, or if another forum has a stronger relationship to the dispute, plaintiff's selection is entitled to less deference."); *cf. Research Automation*, 626 F.3d at 979 & n.2 (explaining that the plaintiff's choice of forum is a "factor" to be given weight according to the context and circumstances).

As the Court will explain in greater detail below in its discussion of the other relevant transfer factors, this forum has a minimal connection to the relevant events underlying this lawsuit. Plaintiff choice of forum warrants less deference than it would if it bore a stronger relationship to this case. Therefore, the Court concludes that Plaintiff's choice to bring suit in this District weighs only slightly against transfer. *Cf. Valbruna Stainless*, 2010 WL 2772324, at *3 ("[T]he present action, while brought in Plaintiff's home forum, is neither the situs of material events nor the forum with the strongest relationship to the dispute. For these reasons, Plaintiff's selection is but one factor among the many this Court must consider.").

### B. Convenience Factors

Plaintiff argues that the convenience factors are neutral, primarily pointing to the availability of witnesses. Defendants rejoin that the convenience factors strongly favor transfer.

As explained above, the convenience factors include access to witnesses and the parties' access to the forum. In evaluating these factors, the Court is mindful that transfer is not warranted where it would merely "shift . . . inconveniences among parties." *Whitney v. Big Dog Holdings, Inc.,* 2007 WL 3334503, at *3 (S.D. Ind. 2007) (internal quotation omitted).

#### 1. Access to Witnesses

Plaintiff argues that the access to witnesses factor is neutral. In support, Plaintiff argues that while Defendants and two nonparty witnesses are located in Tennessee, Plaintiff plans to call

five witnesses from Indiana. Defendants argue that even if Plaintiff's witnesses are based in Indiana, most (if not all) nonparty witnesses are located in Tennessee. Defendants further argue that the Indiana witnesses are all Plaintiff's employees and will testify as record custodians or on uncontested matters. While Plaintiff's employees will not need to be compelled to testify by subpoena, Defendants maintain that it will rely upon nonparty Tennessee customers as witnesses to the business transactions at issue. These witnesses, Defendants assert, would be outside of this Court's subpoena power.

Of the convenience factors, the access to witnesses factor is "often deemed the most important factor in the transfer balance" and is "primarily concerned with the availability of non-party witnesses." *Wabash Valley Feed & Grain, LLC v. Hust*, 2011 WL 3902780, at *10 (S.D. Ind. 2011) (internal quotation omitted). The Court is generally limited to subpoenaing witnesses for trial "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). Thus, this factor requires the Court to evaluate the "risk of 'trial by deposition'" if a trial would be held in this District. *Aearo Co. v. Bacou-Dalloz USA Safety, Inc.*, 2004 WL 1629566, at *2 (S.D. Ind. 2004) (Hamilton, J.). "Courts ordinarily can assume that the parties will be sufficiently motivated to have their own employees or other allies appear for trial wherever it might take place." *Id.* at *3.

In this case, the only Indiana-based witnesses that Plaintiff has identified are Plaintiff's employees. As explained above, this Court may safely assume that these employees will not need to be compelled to testify. On the other side of the ledger, Plaintiff has identified two nonparty witnesses from Tennessee. Moreover, Defendants reasonably explain that (since their alleged stealing of trade secrets solely involved Tennessee clients and businesses) they will rely upon nonparty witnesses from Tennessee to testify to the relevant business relationships and

6

transactions.  Because the Court likely could not compel the attendance of any Tennessee-based nonparty for trial, the risk of trial-by-deposition would be substantially greater in this District than in Tennessee.  Therefore, this critical factor weighs heavily in favor of transfer.

### 2. *Parties' Convenience*

Neither party directly addresses this factor, though Plaintiff explains that their corporate headquarters and officers are based in Indianapolis.  In response, Defendants point out that, while they are individual salespersons, Plaintiff "is a $75 million dollar a year business, with offices and warehouses in eight states," including Tennessee.  [Filing No. 18 at 4.]

This District is a significant distance from Nashville, Tennessee, where Defendants are located.  Additionally, Plaintiff has offices both in this District and in Tennessee.  However, Plaintiff's testifying officers and employees are based in Indiana.  As explained above, this Court may not transfer a case merely to shift the inconveniences among the parties.  Thus, while Defendants would be likely be more inconvenienced by litigating in this forum than Plaintiff would be by litigating in Tennessee, the Court finds that this factor is essentially neutral and gives it no weight in the transfer analysis.

### C.  Interest of Justice Factors

Plaintiff argues that the interests of justice weigh against transfer, arguing that this District is more efficient and that the court that ultimately decides this case will have to apply Indiana law.  In response, Defendant argues that each of the interest of justice factors weighs in favor of transfer.

As described above, the interest of justice analysis includes factors such as docket congestion; familiarity with relevant law; and each community's interests in resolving the dispute.  The interest of justice analysis may be dispositive, even where the convenience analysis points toward the opposite result.  *Research Automation*, 626 F.3d at 978.

### 1. Docket Congestion

In support of its argument that the docket congestion factor weighs against transfer, Plaintiff cites to several statistics demonstrating that this District generally resolves cases quicker than the Middle District of Tennessee: From April 2015 through March 2016, the median time in this District from filing to disposition was nine months. The median time from filing to trial was twenty-nine months. In the Middle District of Tennessee over the same time period, the median time from filing to disposition was 12 months. The median time from filing to trial was 34 months. [Filing No. 17 at 6 (citing United States Courts, *U.S. District Courts— Combined Civil and Criminal Federal Court Management Statistics* (March 31, 2016), http://www.uscourts.gov /statistics/table/na/federal-court-management-statistics/2016/03/31-1).]

In response, Defendants argue that this disparity is insignificant and further asserts that the average caseload per judge was actually higher in this District than it was in the Middle District of Tennessee from April 2015 through March 2016.

The Court agrees with Defendants that the difference in the time it takes to resolve cases between the two districts is insignificant. Moreover, Plaintiff ignores that this District has a vacancy that has been designated a judicial emergency by the Judicial Conference, whereas the Middle District of Tennessee has its full complement of district judges. United States Courts, *Judicial Emergencies* (Nov. 28, 2016), http://www.uscourts.gov/judges-judgeships/judicial-vacancies/judicial-emergencies. Finally, the Court joins in the observation of Judge Pratt, also of this Court, who noted that where a case poses a difficult question of personal jurisdiction, "transfer to a district with clear jurisdiction over the defendant conserves judicial resources and thus serves the interest of justice." *Dunlap v. Switchboard Apparatus, Inc.*, 2012 WL 1712554, at *7 (S.D. Ind. 2012). Presently pending is Defendants' motion to dismiss for lack of personal jurisdiction

[Filing No. 2], and transfer to a district with clear personal jurisdiction would only speed that court's consideration of the merits. Therefore, the Court concludes that this factor weighs slightly in favor of transfer.

### 2. Familiarity with Relevant Law

Plaintiff argues, without including any legal analysis, that its state law causes of action arise under Indiana law, with which this Court is presumably more familiar. Defendants argue that Plaintiff's claims will be governed by Tennessee law, citing to Indiana's choice of law rules. Defendants further argue that both states have adopted the Uniform Trade Secrets Act which would govern Plaintiff's trade secrets cause of action.

As Defendants explain, under Indiana's choice of law scheme, "the presumption is that the traditional *lex loci delicti* rule (the place of the wrong) will apply" in tort cases. *Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004). This means that a court will usually apply "the substantive laws of the state where the last event necessary to make an actor liable for the alleged wrong takes place." *Id.* (internal quotation omitted). Only where "the place of the tort bears little connection" to the legal action would a court turn to other factors. *Id.* (internal quotation omitted).

In this case, the alleged tort was consummated in Tennessee and bears a great connection to Tennessee. While the Court does not decide that Tennessee law applies because the parties have not fully briefed that issue, application of Tennessee law appears to be the most likely outcome. While this Court is confident that it would properly apply Tennessee law if required, particularly as both Indiana and Tennessee have adopted the Uniform Trade Secrets Act, this factor weighs slightly in favor of transfer.

3.   *Situs of Material Events & Interests of the Communities*

Plaintiff argues that this forum has a "strong connection to this dispute." [Filing No. 17 at 3.]  In support, Plaintiff explains that its "hub" is in Indiana and points to Defendants' remote access to Plaintiff's computers in Indiana.  In response, Defendants argue that Indiana has a minimal relationship to Plaintiff's claims.  Rather, Defendants argue that this case is completely Tennessee-centric, involving allegations that Tennessee resident defendants harmed Plaintiff's business in Tennessee while working in Tennessee.

The Court concludes that Tennessee has a strong interest in resolving this dispute.  Plaintiff certainly has strong connections to Indiana as an Indiana corporation, but those connections do not extend to the material issues of the dispute underlying this lawsuit.  Defendants were employed in Tennessee.  They allegedly harmed Plaintiff by taking trade secrets to another Tennessee employer.  The dispute solely arises out of conduct that occurred in Tennessee.  It is Tennessee—not Indiana—that has the greatest interest in deciding whether Defendants' alleged actions constitute compensable torts.  This factor weighs strongly in favor of transfer.

## IV.
### CONCLUSION

Both the convenience analysis and interest of justice factors weigh strongly in favor of transfer; no factor, aside from the Plaintiff's choice of forum, weighs against it.  Given how strongly the factors weigh in favor of transfer—particularly the factors addressed to access to witnesses and the situs of material events—and the weak connection between the dispute and this forum, the Court concludes that the Middle District of Tennessee is clearly a superior forum for this litigation.

10

Accordingly, the Court directs the Clerk to **TRANSFER** this action to the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1404(a).

Date: 11/30/2016

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

11